## Hopson, et al. v. Virginia Daniel's Guardian, et al.

(Decided February 15, 1927.)

### Appeal from Trigg Circuit Court.

1. Deeds—Finding that Grantor was Without Mental Capacity to Make Deed Held Sustained by Evidence.—Evidence held to sustain finding that grantor, alleged to have been a drunkard and morphine addict, twice adjudged insane, and to have been without correct notion of value of property, without mental capacity to make deed.

2. Limitation of Actions—Limitations Held Not Bar to Infant's Suit to Set Aside Deed of Deceased Lunatic Father, Given 21 Years Before.—Suit of infant daughter to set aside deed of deceased lunatic father, which had been given 21 years before, held not barred by limitations, since infant was not bound to promptly bring suit to set aside the need, and lunatic father was not bound to bring suit at all.

3. Equity—Laches Held Not to Bar Infant's Suit to Set Aside Deed of Deceased Lunatic Father Made 21 Years Before.—Suit of daughter to set aside deed of deceased father held not barred by laches, despite lapse of 21 years, where the daughter was an infant and hence under disability, and the deceased father was a lunatic.

THOMAS P. COOK for appellants.

ROBERT CRENSHAW and W. H. HOOKS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Virginia Daniels, an infant, suing by her guardian, averred that she and her adult sister were the owners of an undivided one-third interest in a certain tract of land in Trigg county, not susceptible of advantageous division, and prayed a sale of the whole tract and a division of the proceeds, making the other joint owners of the property parties defendant. Appellants, Hopson, et al., interpleaded, asserting in themselves to the same one-third undivided interest in the lands described in the petition. To their intervening petition they attached, as exhibit, a deed from John G. Daniel, father of appellant, Virginia Daniel, which deed purported to convey the fee-simple title of the one-third undivided interest of John G. Daniel to W. H. Hopson and W. A. Bogard. Answering this claim of Hopson and Bogard, Virginia Daniel and her sister averred that their father, John G. Daniel, was at the time he made the deed on the 23rd of October, 1903, of unsound mind, and, therefore, incapable of making a deed and conveying real property, and that the

deed, if any such existed, was insufficient to convey the title and did not, in fact, convey the title. Issue being joined the parties devoted themselves to taking evidence on the question of the mental capacity of John G. Daniel to make a deed in October, 1903. A number of witnesses testified on each side. Most of them were neighbors and were not specifically qualified to speak upon such question, but there was at least one doctor on each side. The witnesses testifying for Hopson and Bogard stated, in substance, that John G. Daniel was a thriftless, ne'er-do-well, but that he had sufficient mental capacity to and did understand the nature of the transaction in which he made the deed to Hopson and Bogard and received the sum of $250.00 consideration for his share of the land, a mere remainder, his mother owning and holding the life estate.

On the other hand, the witnesses who were called and testified for Virginia Daniel and her sister stated that John G. Daniel from his youth up to the time of his death was a drunkard, an addict to morphine and was considered of unsound mind during all of the year of 1903 when he made the deed, and in fact until he was sent to the asylum. They further showed that he was twice adjudged insane and died in the asylum. The substance of their evidence is that he had no correct notion of the value of property at any time after he reached the years of maturity, and that he would sell anything he had for a small consideration to get immediate help, and that he was unable to take a survey of his property, to know its value or to deal with it as an intelligent person. The trial court to whom this question was submitted found and adjudged that John G. Daniel was mentally incapable of understanding the transaction in which he made the conveyance and cancelled the deed, giving Hopson and the heirs of Bogard a first lien upon the lands for $250.00, which was paid by them to John G. Daniel in 1903, with interest from that date, and this appeal is from that judgment. Hopson and Bogard did not get possession of the land at the time they purchased it because the mother of John G. Daniel was then living, and being the life tenant was in actual possession of the property, holding and cultivating it. There is, therefore, no question of improvements made under color of title resulting from the deed.

The evidence tends to show that the property, at the time it was conveyed in 1903, was of very much greater

value than $250.00, the price paid, and that it is now of yet greater value.

For appellants it is insisted that the trial court erred in finding that the grantor, John G. Daniel, was without mental capacity to make the deed. We think, however, that the finding of the lower court is abundantly sustained by the evidence. Indeed, the great preponderance of the evidence seems to be to that effect. Neither do we regard as controlling in this case the rule that the deed of a lunatic is not void but only voidable. Being a lunatic John G. Daniel could neither know his rights nor be expected to institute an action to set aside the deed. His infant child, being under disability, could not be expected to act promptly. Limitation did not, therefore, run against the child of John G. Daniel, nor was the cause barred by laches, even though suit was not instituted until twenty-one years after the making of the deed.

It seems to this court that the chancellor gave appellants all the relief to which they were in good conscience entitled when he adjudged them a first lien upon the land for $250.00, paid by them in 1903, if it were so paid, with interest. Certainly they suffered no loss by such a judgment.

Judgment affirmed.